Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

LETICIA VARGAS RUIZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION, WILMER JIMENEZ and VALENTINA RIOS, as individuals,

Defendants.

--------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **LETICIA VARGAS RUIZ,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION, WILMER JIMENEZ and VALENTINA RIOS as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION**, located at **42-14 Broadway, Astoria, NY 11103**.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the **EASTERN** District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

**7.** Plaintiff **LETICIA VARGAS RUIZ** residing in Astoria, NY was employed by Defendants at **AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION**, from in or around March 2022 until in or around January 2024.

### *The Defendants*

### *Corporate Defendants*

### AURA BEAUTY SPA INC.

8. At all relevant times hereto, Defendant AURA BEAUTY SPA INC., is a corporation organized under the laws of New York with a principal executive office and service of process address at 42-14 Broadway, Astoria, NY 11103.

9. Upon information and belief, Defendant AURA BEAUTY SPA INC., is a corporation authorized to do business under the laws of New York.

10. At all relevant times hereto, Defendant AURA BEAUTY SPA INC., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees, including the Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

11. On information and belief, AURA BEAUTY SPA INC., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

**AURA BEAUTY SPA ASTORIA CORPORATION**

12. At all relevant times hereto, Defendant AURA BEAUTY SPA ASTORIA CORPORATION, is a corporation organized under the laws of New York with a principal executive office and service of process address at 42-14 Broadway, Astoria, NY 11103.

13. Upon information and belief, Defendant AURA BEAUTY SPA ASTORIA CORPORATION, is a corporation authorized to do business under the laws of New York.

14. At all relevant times hereto, Defendant AURA BEAUTY SPA ASTORIA CORPORATION, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees, including the Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

15. On information and belief, AURA BEAUTY SPA ASTORIA CORPORATION, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

**Joint Enterprise(s) of the Corporate Defendants**

16. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.

17. During all relevant times hereto, Corporate Defendants acted as a single employer in general and a joint employer with respect to Plaintiff.

18. During all relevant times hereto, Corporate Defendants treated and/or held out Plaintiff as employee of AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION.

19. During all relevant times hereto, Plaintiff performed work at Corporate Defendants' job site and on Corporate Defendants' business, for the benefit of all Corporate Defendants.

20. Upon information and belief, Plaintiff understood herself as being employee of AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION.

21. Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiff, performed the same type of work on/at the same job site, and were jointly responsible for supervising the work performed by the same employees, including Plaintiff.

22. Defendants were jointly responsible for issuing Plaintiff her wages and setting Plaintiff's work schedules and hours.

23. Defendants were jointly responsible for hiring Plaintiff, setting the rates of pay for Plaintiff, and paying Plaintiff her wages.

24. Defendants were jointly responsible for maintaining all of their employment records.

25. The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

26. Accordingly, at all relevant times hereto, Defendants AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

27. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are enterprises engaged in interstate commerce within the meaning of the FLSA in that AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION (i) have purchased goods, tools, and supplies for its business through the

streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**WILMER JIMENEZ AND VALENTINA RIOS**

28. At all relevant times hereto, Defendants WILMER JIMENEZ AND VALENTINA RIOS own and operate AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION.

29. Upon information and belief, Defendants WILMER JIMENEZ AND VALENTINA RIOS are agents of AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION.

30. At all relevant times hereto, Defendants WILMER JIMENEZ AND VALENTINA RIOS are responsible for overseeing the daily operations of AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION.

31. At all relevant times hereto, Defendants WILMER JIMENEZ AND VALENTINA RIOS have power and authority over all the final personnel decisions at AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION.

32. At all relevant times hereto, Defendants WILMER JIMENEZ AND VALENTINA RIOS have power and authority over all final payroll decisions at AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION, including the Plaintiff.

33. At all relevant times hereto, Defendants WILMER JIMENEZ AND VALENTINA RIOS have the exclusive power to hire and fire employees at AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

34. During all relevant times herein, Defendants WILMER JIMENEZ AND VALENTINA RIOS were Plaintiff's employers within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

35. Plaintiff LETICIA VARGAS RUIZ was employed by Defendants as a manicurist at AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION from in or around March 2022 until in or around January 2024.

36. Plaintiff's duties included performing manicures and pedicures, providing relaxation massages, and performing hair removal.

37. From in or around March 2022 until in or around January 2024, Plaintiff LETICIA VARGAS RUIZ regularly worked five (5) days per week and worked a schedule of shifts of approximately ten (10) hours per day.

38. Thus, Plaintiff was regularly required to work approximately fifty (50) hours, or more hours per week from in or around March 2022 until in or around January 2024.

39. Plaintiff LETICIA VARGAS RUIZ was paid by Defendants a flat hourly rate of approximately $14.00 per hour from in or around March 2022 until in or around October 2022 and approximately $15.00 per hour from in or around November 2022 until in or around or around January 2024.

40. Plaintiff was primarily paid in a combination of cash and check.

41. As such, Defendants failed to pay Plaintiff LETICIA VARGAS RUIZ the legally prescribed minimum wage for all her hours worked from in or around March 2022 until in or around October 2022 and in or around January 2024, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

42. Although Plaintiff LETICIA VARGAS RUIZ worked approximately fifty (50) hours, or more hours per week during her employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Further, Plaintiff was not fully compensated for the final five (5) months of her employment, from in or around September 2023 until in or around January 2024, and those wages remain unpaid to date.

44. During this five (5) month period, Defendants failed to fully compensate Plaintiff for all hours worked each week by consistently withholding portions of Plaintiff's earned wages.

45. As such, during the five (5) month period from in or around September 2023 until in or around January 2024, although Defendants issued wage payments to Plaintiff, such

payments routinely failed to include all wages earned during the applicable workweek. Defendants failed to pay Plaintiff the full amount of wages earned within seven (7) calendar days after the end of the workweek in which such wages were earned and further failed to remit the outstanding balance of such wages in the weeks that followed, resulting in a continuing and cumulative underpayment of Plaintiff's earned compensation throughout this period. Accordingly, Defendants failed to timely and fully compensate Plaintiff as required by the New York Labor Law, including NYLL § 191.

46. Based upon Plaintiff's good-faith estimation of the wages unlawfully withheld by Defendants during the period from in or around September 2023 until in or around January 2024, and for which Defendants never remitted the outstanding balances owed, Plaintiff is owed approximately $10,000.00 to $11,000.00 in unpaid wages for hours worked for which Defendants failed to compensate her.

47. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for her utility bills, food, transportation, and other expenses.

48. Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during his employment in violation of the NYLL.

49. Defendants willfully failed to keep payroll records as required by the NYLL.

50. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English or Spanish, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

51. Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of her wages, as required by NYLL §195(3).

52. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

53. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not properly paying Plaintiff's wages. Plaintiff often complained to the Defendants that she was not being paid properly, but the Defendants refused and continue to refuse to pay Plaintiff all wages lawfully due and owing.

54. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify his hourly rates of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

55. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**COLLECTIVE ACTION ALLEGATIONS**

56. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

57. Collective Class: All persons who are or have been employed by the Defendants as manicurists or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

58. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

59. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

60. Defendants' unlawful conduct has been widespread, repeated, and consistent.

61. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

62. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

63. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

64. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

65. The claims of Plaintiff are typical of the claims of the putative class.

66. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

67. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Plaintiff have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

70. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

71. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

72. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage,

to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

73. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

74. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

77. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

78. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Minimum Wages Owed Under New York Labor Law

79. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

80. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

81. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

82. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

83. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

84. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

85. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**FOURTH CAUSE OF ACTION**
**Unpaid Wages Under The Fair Labor Standards Act**

86. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

88. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

89. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**FIFTH CAUSE OF ACTION**
**Unpaid Wages Under The New York Labor Law**

90. Plaintiff incorporates by references all allegations in all preceding paragraphs.

91. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

92. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

93. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

**SIXTH CAUSE OF ACTION**
**Violation of Frequency of Pay Under New York Labor Law**

94. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

95. At all relevant times, Plaintiff was a manual worker within the meaning of New York Labor Law § 190 and § 191.

96. During the period from in or around September 2023 through in or around January 2024, Defendants failed to timely and fully pay Plaintiff all wages earned during the applicable workweeks. Although Defendants issued wage payments to Plaintiff, such payments routinely failed to include all wages earned by Plaintiff during the workweek in which such wages were earned.

97. Defendants failed to pay Plaintiff the full amount of wages earned within seven (7) calendar days after the end of the workweek in which such wages were earned and further failed to remit the outstanding balances of such wages in the weeks that followed, resulting in a continuing and cumulative underpayment of Plaintiff's earned compensation.

98. By failing to timely and fully pay Plaintiff all wages earned during the applicable workweeks, Defendants violated the frequency and timeliness requirements set forth in New York Labor Law § 191.

99. Defendants' violations were willful and were not the result of a good-faith error or reasonable belief that their conduct complied with the New York Labor Law.

100. As a direct and proximate result of Defendants' violations of New York Labor Law § 191, Plaintiff is entitled to recover all available remedies, including unpaid wages, liquidated damages, pre-judgment interest, reasonable attorneys' fees, costs, and disbursements pursuant to New York Labor Law §§ 198 and 663, together with such other and further relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

101. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

102. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

103. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGHT CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

104. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

106. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff's unpaid wages;

e. Awarding Plaintiff liquidated damages for the Defendants failure to timely and fully compensate Plaintiff;

f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 12, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LETICIA VARGAS RUIZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

AURA BEAUTY SPA INC. and AURA BEAUTY SPA ASTORIA CORPORATION, WILMER JIMENEZ and VALENTINA RIOS as individuals,

Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To: *Service via Secretary of State and Personal Service:*

**AURA BEAUTY SPA INC. (NYDOS ID# 6524681)**
42-14 BROADWAY, ASTORIA, NY 11103

**AURA BEAUTY SPA ASTORIA CORPORATION (NYDOS ID# 7890295)**
42-14 BROADWAY, ASTORIA, NY 11103

**WILMER JIMENEZ**
42-14 BROADWAY, ASTORIA, NY 11103

**VALENTINA RIOS**
42-14 BROADWAY, ASTORIA, NY 11103